JAMES M. RICE v. JANE CLARK, &c.

KY. MUTUAL LIFE INS. CO. v. JANE CLARK.

Corporations—Stock Subscriptions—How Payable.

Articles of incorporation provided that stock subscribed for and closed up before the first election of directors and officers, could be paid for in any species of property, personal or real. Said payment to be ratified afterwards by the officers of the company. Held, that unless the provisions as to the requisite amount of stock to be subscribed was fully performed, no officers could be elected, anl any transfer of real estate for stock would be subject to rescission by the vendor.

Same—Purchaser with Notice.

A purchaser of such property, from the company, with notice of the status of the vendor and the company, and the want of consideration, is estopped from setting up claim to the property, as against the original vendor.

Corporations—Stock Subscriptions—When Corporation Organized.

A corporation charter provided that when 2,000 shares of $10.00 each were subscribed for, the stockkholders were authorized to meet and elect a Board of Directors, and officers. Held, that no corporate acts could be performed until the requisite amount of stock had been, in good faith, provided for.

APPEAL FROM BOYD CIRCUIT COURT.

October 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

By an act of the Legislature of Kentucky, approved January 15, 1866, *Sess. Acts 1865-6, pp. 98-108*, the Kentucky Mutual Life Insurance Company was incorporated, with power to the corporators therein named to open books for the subscription of stock, the capital stock of which was not to exceed $2,000,000, to be divided into shares of ten dollars each, and when two thousand shares were subscribed, the stockholders were authorized to meet, and elect, by ballot or otherwise, as they might agree, a president, and two or more directors for the management of the business affairs of the corporation.

By section 6, it is provided that stock subscribed and closed up before the first election may be payable, and paid in any species of property, personal or real, as may be agreed upon by subscribers, and the corporator, or corporators, who receive the subscription, and subscribers shall receive from the corporators a certificate stating what per cent is paid on the subscription, and to what further assessment it is subject, or that it is paid up, and not liable to any further assessment, and these certificates shall be afterwards approved, and signed by the president and secretary, or actuary.

The business of this company as defined by section 8 of the act of incorporation is to make insurance upon the lives of individuals, to grant and sell endowments, and grant, sell and purchase, and dispose of annuities, and exercise all the powers held, and exercised by any other life insurance company.

Professing to have organized a company under said charter, Dr. Beck visited Catlettsburg in the spring and summer of 1866, representing himself as the president of the board of directors of said company, and as such claims to have effected an insurance on the life of appellee, Mrs. Jane Clark, at $3,000; that the first contract of assurance was changed, and an assurance of her life made at $3,000, all of which was paid by the conveyance of her life estate in a house and two lots in said town of Catlettsburg, valued by the parties at the price aforesaid—and a conveyance thereof made on the 12th of September, 1866, to the corporation, and on the 6th of November, 1866, the corporation conveyed said property to James M. Rice for the recited consideration of $1,200.

On the 23d of July, 1867, this suit in equity was brought in the Boyd circuit court by Mrs. Clark, to set aside the original contract, and to annual the two conveyances, to be restored to her right to the real estate conveyed by her—for fraud on the part of the company, or its president, and want of consideration. The allegations of the petition are traversed in the answer of the corporation, and of Rice, who was made defendant, and notice of the fraud, and want of consideration charged on him before he purchased the property. The court below granted the relief sought, and Rice and the company prosecute separate appeals.

As to the company, it is satisfactorily made out by the evidence, that when the alleged insurance was made, that the requisite amount of stock had not been subscribed to authorize an election

of officers and to organize the corporation for the transaction of business. Even if an available subscription of the real estate spoken of, by Dr. Beck, was made, its real value was never ascertained and fixed by the original corporators, nor by the board of directors claimed by appellants to have been elected; and the estimated values were fictitious, unreal, and delusive, and all the witnesses, except Dr. Beck, testify that the requisite amount of stock never was subscribed. One who had made an elaborate examination into the affairs of the concern says "about sixty dollars was all the real stock that was subscribed" and all except Beck concur in the statement that the pretended organization was without foundation, deceptive and fraudulent.

And that appellee was overreached, and deceived into the agreement to insure with Dr. Beck by his promises of dividends, and the illusive showing and misrepresentations of his printed declarations of the members, and officers of his concern, and business condition given to her, is fully established by the evidence.

For the want of the prerequisites for an organization of the company, without which it could not enter upon the transaction of business, and the fraud practiced, the contract with appellant *"The Kentucky Mutual Life Insurance Company"* was properly set aside by the court below.

Nor does the evidence allow an escape from the conclusion that Rice, at the time he entered into the contract of purchase had notice of the condition of his vendor, the means by which it acquired the property, and the want of consideration to uphold the transaction.

The deed to his vendor shows on its face that it was made in consideration of a policy of insurance of the life of the grantor. Beck proves he informed appellant, Rice, of the contract with appellee when he had the deed recorded, and other facts and circumstances proved remove all doubt of notice having been communicated to him before his purchase. And besides, he has only paid according to the evidence the one-half of the price *he* agreed to pay for the property, and that was not the one-half of the value recited in the deed of his vendor that it fixed on the property.

Perceiving no error in the rulings of the court below, the judgment is *affirmed* on the appeal of the *"Kentucky Mutual Life*

*Insurance Company,"* and also on the appeal of J. M. Rice against Jane Clark.

*James, Brown, for appellant.*
*Ireland, Homeshell, for appellees.*